FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 2 0 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

PHILLIP SCHMOLL,

        Defendant.

07-CR-762 (JBW)

Statements of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is also required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006). The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006).

On February 15, 2008, Phillip Schmoll pleaded guilty to counts one and two of a two-count indictment. Count one charged that between July 14, 2007 and September 17, 2007, the defendant, together with his brother Mateja Schmoll and others, conspired to manufacture,

1

distribute and posses with intent to manufacture and distribute 100 or more marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1)(B)(vii).

A Fatico hearing to determine the weight of the marijuana for purposes of guideline calculations was held on August 12, 2008. See United States v. Fatico, 579 F.2d 707 (2d Cir. 1978); United States v. Handy, ___ F. Supp. 2d ___, 2008 WL 2965816, at *12-13 (E.D.N.Y. Aug. 4, 2008) (correct calculations of the guidelines required). Rejected was the defendant's argument that the Sentencing Commission's attribution of 100 grams of usable marijuana to a single marijuana plant with root structure is an inappropriate method of calculations. See Transcript of August 12, 2008 Hearing at 25-27. Based on a stipulation that the defendant was responsible for 53.748 kilograms of marijuana, the base offense was found to be level twenty. See U.S.S.G. § 2D1.1(c)(10).

Phillip Schmoll was sentenced on August 12, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be seventeen and defendant's criminal history category level I, yielding a guideline range of imprisonment between twenty-four and thirty months. The offense carried a minimum term of imprisonment of five years and a maximum term of forty years. See 21 U.S.C. § 841(b)(1)(B). The court found—and the government conceded—that the statutory minimum did not apply because the defendant satisfied the mitigating factors in 18 U.S.C. § 3553(f).

Phillip Schmoll was sentenced to five years probation. The court did not depart the Sentencing Guidelines and sentenced the defendant under 18 U.S.C. § 3553(a). Rejected was defendant's argument that a downward departure from the guidelines was warranted because his behavior was aberrant. See U.S.S.G. § 5K2.20 (authorizing departure based on aberrant behavior); see also United States v. Patterson, 281 F. Supp. 2d 626 (E.D.N.Y. 2003) (departing downward due to defendant's aberrant behavior); United States v. Blake, 89 F. Supp. 2d 328 (E.D.N.Y. 2000) (departing downward due to reduced mental capacity, aberrant behavior, anticipated trauma to defendant's infant child if separated from mother, and rehabilitation).

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendants." See 18 U.S.C. § 3553(a)(1). Schmoll is a hard-working and law-abiding man with considerable talent and strong family ties. The seriousness of the offense is obvious: the defendant associated, although minimally, with a drug operation to construct a marijuana grow warehouse in New York City.

The sentence imposed reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). The unique background of this defendant, his minimal involvement in the drug operation and strong family ties support a sentence of five years probation. A sentence of imprisonment in this case "may work to promote . . . derision[] of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." United States v. Gall, 128 S. Ct. 586, 599 (2007) (internal quotation marks omitted).

Under section 3553(a)(2)(B), the court considered the need for the sentence to afford adequate deterrence to criminal conduct. See 18 U.S.C. § 3553(a)(2)(B). General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any minimal involvement in drug operations will result in a criminal prosecution. Specific deterrence is not required in light of the defendant's law abiding background and the fact that a felony conviction will inhibit his ability to secure certain employment.

A $200 special assessment was imposed. Schmoll does not and will not in the future have assets to pay a fine.

Jack B. Weinstein
Senior United States District Judge

Dated: September 8, 2008
Brooklyn, New York